UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>JOSE GALLARDO-DEDIOS, GUADALUPE VALENZUELA, HEIDI TUCKER, QUENTIN MICK, JASON MARR, FRANCISCO QUINONES, JORGE VALDEZ, HAYLEE LINDAUER, KALLI LINDAUER, JUAN ANTONIO ARVIZU-BETANCOURT, SHAWN PETERSON, FORTINO BASTIDAS, AND NABOR MARTINEZ-HERRERA,<br><br>                    Defendants. | Case No. CV-10-182-S-BLW<br><br>**ORDER CONTINUING TRIAL AND TRIAL READINESS CONFERENCE** |

      The Court has before it the motions to continue trial filed by the Defendant Jose Gallardo-Dedios (Dkt. 105) filed August 4, 2010, and by Defendant Fortino Bastidas (Dkt. 107).  Defendants request additional time so that counsel will have adequate time to prepare for trial.  Defense requests a continuance, and the Court finds that a continuance until **January 10, 2011** would be reasonable given the complexities of this case.

**Order -- Page 1**

Under all these circumstances, the Court finds that a continuance is needed to give defense counsel an opportunity to provide an effective defense.  Thus, a continuance is warranted under 18 U.S.C. § 3161(h)(8)(B)(iv), which authorizes a finding of excludable time when the refusal to grant a continuance would "deny counsel for the defendant . . . the reasonable time necessary for effective preparation . . . ."  Under these circumstances, the interests of justice in allowing the defense time for effective preparation outweighs the Defendant's and the public's interest in a speedy trial under 18 U.S.C. § 3161(h)(8)(A).  The Court notes, however, that a further continuance will only be granted upon a showing of extraordinary circumstances.

Although the co-defendants have not moved for a continuance, under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), excludable time exists for "a reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."  Pursuant to this statutory provision, the Court finds that the excludable time found for the defendant moving for a continuance also applies to all co-defendants.

The statements of the Government establish that the trial should be reset on **January 10, 2011 at 1:30 p.m.**  The Court finds that the period of time between the present trial date and the new trial date is excludable time under the Speedy

**Order -- Page 2**

Trial Act.  Accordingly,

NOW THEREFORE IT IS HEREBY ORDERED, that the Motions for Continuance (Dkts. 105 and 107) filed by Defendants are hereby, GRANTED, and that the present trial date be VACATED, and that a new trial be set for **January 10, 2011 at 1:30 p.m.** in the James A. McClure Federal Building and U.S. Federal Courthouse in **Boise, Idaho**.

IT IS FURTHER ORDERED, that the period of time between the prior trial date and the new trial date be deemed EXCLUDABLE TIME under the Speedy Trial Act, 18 U.S.C. § 3161(h)(8)(A).

IT IS FURTHER ORDERED, that a telephonic trial readiness conference shall be held on **December 30, 2010 at 4:00 p.m.**  The Government shall initiate the call to (208) 334-9145, with all opposing counsel on the line.

IT IS FURTHER ORDERED, that the parties shall file all pretrial motions on or before **December 10, 2010**.

DATED:  **August 11, 2010**

B. LYNN WINMILL
Chief Judge
United States District Court